# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM COOPER, MD, MBA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLSTAR HEALTH SYSTEM, ) <br> INC., WELLSTAR MEDICAL ) <br> GROUP, LLC, ROB SCHREINER, ) <br> MD, in his individual capacity, ) <br> CANDICE SAUNDERS, in her ) <br> individual capacity, CARRIE OWEN ) <br> PLIETZ, in her individual capacity, ) <br> JOHN A. BRENNAN, MD, in his ) <br> individual capacity, ALAN MUSTER, ) <br> MD, in his individual capacity, and ) <br> Barry Mangel, MD, in his individual ) <br> capacity, ) <br> ) <br> Defendants. ) | Civil File Action No. <br><br> **JURY TRIAL DEMANDED** |

## PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES, AND DEMAND FOR JURY TRIAL

Plaintiff William Cooper, MD, MBA ("Plaintiff" or "Dr. Cooper"), by and through his undersigned attorneys, files this Complaint for Injunctive Relief and Damages against Defendants WellStar Health System, Inc. ("WellStar Health System"), WellStar Medical Group, LLC ("WellStar Medical Group") (collectively "WellStar"), Rob Schreiner, MD ("Schreiner"), Candice Saunders ("Saunders"),

Carrie Owen Plietz ("Plietz"), John A. Brennan, MD ("Brennan"), Alan Muster, MD ("Muster"), and Barry Mangel, MD ("Mangel"), (collectively "Defendants").

## PRELIMINARY STATEMENT

This is an action to vindicate the rights of an American soldier, Dr. Cooper, who serves as a Colonel in the United States Army Reserve. Our nation has a well-organized system of military officers and non-commission officers who provide services to the nation in support of its national interest during the time of war. Dr. Cooper serves his nation – in this capacity. Dr. Cooper received an order in June of 2017 to provide medical services to our nation's soldiers engaged in battle in the Middle East. Consistent with his oath of office, Dr. Cooper deployed to serve the nation's interest. Unfortunately, unbeknownst to Dr. Cooper, while in service of his nation, his superiors at WellStar conspired to remove him from the position of Medical Director, Cardiac Surgery ("Medical Director") at WellStar Kennestone Hospital. In fact, while deployed on the field of battle in support of our nation's military objectives, Dr. Cooper received an email from his superiors at WellStar demanding to know when he would return and questioning whether he would have to continue to deploy in the future. Similar messages were left for his office manager. Further, while Dr. Cooper was in pursuit of the nation's military interest, his superiors decided to discharge Dr. Cooper from the Medical Director position and

2

replace him with an individual whom he supervised. Once Dr. Cooper returned from his military service, he was again subjected to inquiries from his superiors concerning his military duties and whether he would continue to be subject to deployment. Staff members also informed Dr. Cooper upon his return that WellStar had already announced that Dr. Cooper would no longer serve as its Medical Director.

Once Dr. Cooper complained about WellStar's illegal acts, he was ostracized, effectively removed from his position, and ultimately terminated. Dr. Cooper seeks monetary and equitable relief, pursuant to the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq.*

## THE PARTIES

1. Dr. Cooper is a board certified Cardiothoracic and Thoracic Surgeon.

2. Dr. Cooper is a Georgia resident, residing in Cobb County. Dr. Cooper for numerous years was employed by the Defendants as the Medical Director of Cardiac Surgery and Thoracic Surgeon at WellStar's Kennestone Hospital.

3. Dr. Cooper earned his medical degree at the University of Missouri in Kansas City, Mo. He completed his general surgery and cardiothoracic surgery residencies at Emory University in Atlanta, Georgia. Dr. Cooper is board certified by the American Board of Surgery and the American Board of Thoracic Surgery.

He is a member of the Atlanta Medical Association, Georgia State Medical Association, Association of Black Cardiologists, Southern Thoracic Surgery Association, Society of Thoracic Surgeons, Association of Black Cardiothoracic Surgeons and Cobb County Medical Society.

4.     Defendant WellStar Health System is a Georgia Nonprofit Corporation with its principal place of business in Marietta, Georgia.  Its registered agent is Leo E. Reichert, located at 793 Sawyer Road, Marietta, GA, 30062.  WellStar Health System, through its subsidiaries, operates and manages acute care hospitals located in and around the Atlanta metro area and together with its subsidiaries employs Dr. Cooper along hundreds of employees, Medical Directors and consultants and exercises supervision and control over their service and discharge.

5.     Defendant WellStar Medical Group is a subsidiary of WellStar Health System.

6.     Defendant WellStar Medical Group is a Georgia Limited Liability Company with its principal place of business in Marietta, Georgia.  Its registered agent is Leo E. Reichert, located at 793 Sawyer Road, Marietta, GA, 30062. WellStar Medical Group manages and operates a tax-exempt medical care group providing physician services in Georgia for the benefit of the community.  With

more than 250 medical office locations, WellStar Medical now includes more than 1,150 medical providers in more than forty (40) specialties including Dr. Cooper.

7. Defendant Rob Schreiner is the Executive Vice President of WellStar Health System and President of WellStar Medical Group. Schreiner has direct responsibility over Dr. Cooper and has authority to alter the terms and conditions of his employment, including the authority to terminate Dr. Cooper's services as Medical Director. Upon information and belief, Defendant Schreiner resides at 1159 Oak Trail Court, Atlanta, Georgia 30338.

8. Defendant Candice Saunders is the President and Chief Executive Officer of WellStar Health System. Saunders has direct responsibility over Dr. Cooper and has authority to alter the terms and conditions of his employment, including the authority to terminate Dr. Cooper's services as Medical Director. Upon information and belief, Defendant Saunders resides at 852 Tempest Way NW, Kennesaw, Georgia 30152.

9. Defendant Carrie Plietz is the Executive Vice President and Chief Operating Officer of WellStar Health System. Plietz has direct responsibility over Dr. Cooper and has authority to alter the terms and conditions of his employment, including the authority to terminate Dr. Cooper's services as Medical Director.

Upon information and belief, Defendant Plietz resides at 870 Club Moss Court, Marietta, Georgia 30068.

10. Defendant John A. Brennan is the Executive Vice President and Chief Clinical Integration Officer of WellStar Medical Group. Brennan has direct responsibility over Dr. Cooper's and has authority to alter the terms and conditions of his employment, including the authority to terminate Dr. Cooper's services as Medical Director. Upon information and belief, Defendant Brennan resides at 127 Dudley Court, Atlanta, Georgia 30327.

11. Defendant Alan Muster is the Senior Vice President, Specialty Division WellStar Medical Group, for WellStar Health System. Muster has direct responsibility over Dr. Cooper and has authority to alter the terms and conditions of his employment, including authority to terminate Dr. Cooper's services as Medical Director. Upon information and belief, Defendant Muster resides at 3308 Perrington Pointe, Marietta, Georgia 30066.

12. Defendant Dr. Barry Mangel is the Chief Cardiology Officer at WellStar Health System. Mangel has direct responsibility over Dr. Cooper and has authority to alter the terms and conditions of his employment including authority to terminate Dr. Cooper's services as Medical Director. Upon information and belief,

Defendant Mangel resides at 750 Park Avenue NE, Apartment 33SE, Atlanta, Georgia 30326.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this Action arises under the laws of the United States, and specifically, 38 U.S.C. § 4323(b)(3).

14. Venue is proper in this Court pursuant to 38 U.S.C. § 1331(c)(2) in that the events giving rise to this Complaint occurred in whole or in part within the district, Dr. Cooper resides in this district, and because the Defendants maintain a place of business within the district.

## FACTS

15. In August 2013, Dr. Cooper began working for Defendant WellStar Medical Group as a Physician, specializing in cardiovascular surgery.

16. Shortly thereafter, in October 2013, Dr. Cooper received a promotion to a leadership role as the Medical Director of Cardiovascular Surgery at WellStar Kennestone Hospital.

17. At all times relevant herein, Dr. Cooper served as a Colonel – Medical Corps in the United States Army Reserve. In keeping with his responsibilities upon

receipt of military orders, the United States Army ordered Dr. Cooper to deploy in support of this country's military objectives in the Middle East.

18. At all times relevant herein, Defendants were aware that Dr. Cooper was a member of the United States Army Reserve and his obligation to serve this country.

19. In or about June 2017, Dr. Cooper was notified and subsequently received U.S. Government orders to serve our nation in the field of battle and provide medical care to wounded soldiers.

20. Defendants were aware that the United States Army ordered Dr. Cooper to serve our nation's military objectives in the Middle East because Dr. Cooper notified Defendants of his military deployment and provided Defendants his military orders.

21. Dr. Cooper commenced his duty in December 2017 and concluded his military duties in April/May 2018.

22. During the course of his deployment, Dr. Cooper received emails from his WellStar supervisors inquiring about his return to work and whether he would be called upon again to serve his nation.

23. Likewise, during Dr. Cooper's deployment, his office manager Stacey Mickens received emails and calls regarding his return to work from military duty.

24. Upon his return, Defendants once again inquired about whether Dr. Cooper would be obligated to deploy in the future and the extent of his military obligations.

25. Dr. Cooper spoke with Defendants concerning his services as Medical Director. Defendants announced they wanted to see Dr. Richard Myung ("Dr. Myung") replace Dr. Cooper in the leadership role as the Medical Director.

26. Dr. Cooper was on military duty while Defendants conspired to terminate Dr. Cooper and assign him to another hospital in Downtown Atlanta. Evidence gathered to date demonstrates a well-organized conspiracy to interfere with Dr. Cooper's rights both during his deployment and afterwards.

27. Upon his return, Dr. Cooper met with his WellStar supervisors concerning his Medical Director responsibilities. During the meeting, WellStar supervisors informed Dr. Cooper that he should consider taking charge of WellStar hospitals on the southside of town, known internally as "southern crescent." Incidentally, they also mentioned they would like to see Dr. Myung replace Dr. Cooper in his current leadership role at WellStar Kennestone Hospital. Dr. Cooper was perplexed by the sudden initiative to replace him as Medical Director. When Dr. Cooper inquired about the rationale for this decision, his supervisors referred to

his military service, which further sparked Dr. Cooper's concern regarding the status of his position and livelihood at WellStar Medical Center.

28. In fact, during a meeting with his colleagues, Dr. Cooper was informed that while he was deployed, WellStar supervisors stated that when he returned from military service he would be doing more administrative work developing the "southside," and less operations at Kennestone.

29. Dr. Cooper subsequently met with WellStar supervisors. During this meeting, his WellStar supervisors stated that they emailed a Lean Transition Office Physician Services Agreement to Dr. Cooper, and began to discuss this new role. Defendants stated that once Dr. Cooper executed the agreement, Dr. Cooper would assume the Lean Transition Office Medical Director role at WellStar Atlanta Medical Center South on the southside. Defendants further informed Dr. Cooper that he would be replaced by Dr. Myung.

30. Dr. Cooper's worst fears had come true, as a result of his military service, everything he had worked hard to achieve throughout his medical career was taken out from under him.

31. Afterwards, Dr. Cooper received a telephone call from Mary Chatman ("Ms. Chatman"), President of WellStar Kennestone Hospital, regarding an email she received earlier in the day requesting her signature on documents appointing Dr.

Myung as Medical Director of Cardiovascular Surgery, the position Dr. Cooper held for the past fifteen (15) years.  Chatman indicated she had no knowledge of this pending change in administration.

32. Numerous other meetings were held with Defendants concerning Dr. Cooper's removal, each of which further heightened Dr. Cooper's concerns.

33. Based upon the Defendants stated interactions to remove him from his leadership role, Dr. Cooper initiated a Complaint with WellStar's Human Resources Department asserting his USERRA rights.

34. In response, various hospital staff and physicians were told not to have any discussions with Dr. Cooper and he was effectively isolated and removed from the Medical Director team.

35. Dr. Cooper subsequently received correspondence from the hospital's General Counsel chastising him for filing the Human Resources Complaint and informing him that Human Resources would not conduct an investigation.

36. In August 2018, Dr. Cooper was effectively discharged from his position.

37. Dr. Cooper was ultimately provided discharge papers a month or so later.

11

## COUNT I
## DISCRIMINATION IN VIOLATION OF USERRA

38. Dr. Cooper repeats and realleges paragraphs 1 through 37 above as if fully stated herein.

39. Section 4311(a) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. § 4311(a)), *inter alia*, prohibits discrimination against persons because of their service in the uniformed services.

40. At all relevant times, Dr. Cooper was a member of the United States Army Reserves, and was deployed for active uniformed military service in support of the nation's military objectives in the Middle East and Defendants instituted their previous conspiracy by promoting Dr. Myung to Dr. Cooper's Medical Director position.

41. USERRA specifically directs that returning servicemembers are to be reemployed in the job that they would have attained had they not been absent for military service, with the same seniority, status and pay, as well as other rights and benefits.

42. Defendants discriminated against Dr. Cooper by removing his leadership position as the Medical Director of Cardiovascular Surgery at WellStar Kennestone Hospital.  Dr. Cooper asserts that he was denied retention in

employment because he is a member of and has an obligation to perform service in a uniformed service.

43. Pursuant to 38 U.S.C. § 4323(e), Dr. Cooper requests monetary damages, as well as equitable relief.

44. Defendants' USERRA violations were willful and Dr. Cooper requests liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(c).

45. Dr. Cooper further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## COUNT II
## RETALIATION IN VIOLATION OF USERRA

46. Dr. Cooper repeats and realleges paragraphs 1 through 37 above as if fully stated herein.

47. Section 4311(b) of USERRA, prohibits any adverse employment action against persons because of their service in the uniformed services.

48. At all relevant times, Dr. Cooper was a member of the United States Army Reserves, and was deployed for active uniformed military service on numerous tours of duty overseas.

49. Dr. Cooper complained about Defendant's violations of his USERRA rights to WellStar's Human Resource department and the President of WellStar Kennestone Hospital.

50. Rather than investigate Dr. Cooper's Complaint, WellStar's General Counsel specifically rebuffed Dr. Cooper and informed him that this issue was not the proper subject for an investigation.

51. Defendants subsequently ostracized and effectively terminated Dr. Cooper and later handed his walking papers.

52. Defendants discharged Dr. Cooper from the Medical Director position in retaliation for exercising his USERRA rights.

53. Dr. Cooper was subjected to unlawful retaliation in violation of USERRA for opposing Defendant's unlawful employment practices, and as a proximate result suffered damages in the form of a hostile environment, adverse employment actions, reductions in pay, and termination of employment.

54. Consequently, Defendants retaliated against Dr. Cooper in violation of USERRA. Dr. Cooper was denied retention in employment because he is a member of the United States Armed Forces his obligation to perform service in a uniformed service of his country as well as in retaliation for exercising his USERRA rights.

55. As a direct and proximate result of Defendant's unlawful actions, Dr. Cooper has suffered lost benefits, including compensation, lost promotional opportunities, and other damages.

56. Pursuant to 38 U.S.C. § 4323(e), Dr. Cooper requests equitable relief.

57. Dr. Cooper alleges Defendants' USERRA violation was willful and requests liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(c).

58. Pursuant to 38 U.S.C. § 4323(h)(2), Dr. Cooper further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## COUNT III
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF USERRA

59. Dr. Cooper repeats and realleges paragraphs 1 through 37 above as if fully stated herein.

60. USERRA provides that a person who performs military service shall not be denied any benefit of employment on the basis of that service. The term "benefit of employment" is quite broad and, as it is defined at 38 U.S.C. §4303(2), refers to "any advantage, profit, privilege, gain, status, account, or interest (including wages or salary for work performed) that accrues by reason of employment contract or agreement or an employer policy, plan or practice."

61. Defendants created an environment in which it was clear Dr. Cooper's military service was unwelcome and a detriment to his career at WellStar.

62. Defendants made inappropriate, hostile comments to Dr. Cooper about his military service that exceeded the standards of a tolerable workplace environment.

63. Defendants took action to isolate Dr. Cooper from his peers and subordinates.

64. The opportunity of a physician to perform his/her duties and responsibilities in a workplace environment free from hostility, free from animus towards military service, is a "benefit of employment" as that term is broadly defined under 38 U.S.C. §4303(2).

65. Defendants denied Dr. Cooper benefits of employment when they permitted the existence of a hostile work environment against Dr. Cooper motivated by his military service.

66. Dr. Cooper's military service was a motivating factor in the actions taken by Defendants.

67. As a direct and proximate result of the continuous, harassing behavior of Defendants, Dr. Cooper has suffered lost benefits, including compensation, lost promotional opportunities, and other damages.

68. Pursuant to 38 U.S.C. § 4323(e), Dr. Cooper requests equitable relief.

69. Dr. Cooper alleges Defendants' USERRA violation was willful and requests liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(c).

70. Pursuant to 38 U.S.C. § 4323(h)(2), Dr. Cooper further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

**WHEREFORE**, based on the foregoing, Dr. Cooper prays for relief against Defendants as follows:

1. Awarding Dr. Cooper a preliminary and permanent injunction to reinstatement to his position as Medical Director of Cardiovascular Surgery;

2. Damages including lost wages, lost employee benefits, bonuses, and vacation benefits in the amount determined by a jury of his peers.

3. Liquidated damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

4. Fees and expenses, including attorney fees, pursuant to 38 U.S.C. § 4323(h)(2); and

5. For such other and further relief as the Court may find just and proper

to vindicate his USERRA rights.

## DEMAND FOR JURY TRIAL

Dr. Cooper hereby demands a trial by jury on all claims.

Respectfully submitted, this 21st day of November 2018.

/s/David W. Long-Daniels
Ernest L. Greer
Georgia Bar No. 309180
David W. Long-Daniels
Georgia Bar No. 141916
Richard J. Valladares
Georgia Bar No. 611066
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Phone: (678) 553-2100
Fax: (678) 553-2212
greere@gtlaw.com
long-danielsd@gtlaw.com
valladaresr@gtlaw.com

*Attorneys for Plaintiff Dr. Cooper*

ATL 22801052v13