# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM COOPER, MD, MBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil File Action No. |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| WELLSTAR HEALTH SYSTEM, ) | |
| INC., WELLSTAR MEDICAL ) | |
| GROUP, LLC, ROB SCHREINER, ) | |
| MD, in his individual capacity, ) | |
| CANDICE SAUNDERS, in her ) | |
| individual capacity, CARRIE OWEN ) | |
| PLIETZ, in her individual capacity, ) | |
| JOHN A. BRENNAN, MD, in his ) | |
| individual capacity, ALAN MUSTER, ) | |
| MD, in his individual capacity, and ) | |
| BARRY MANGEL, MD, in his ) | |
| individual capacity, ) | |
| ) | |
| Defendants. | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1.    Description of Case:**

**(a)    Describe briefly the nature of this action.**

<u>For Plaintiff:</u>

This case involves claims of discrimination, retaliation, and a hostile work environment under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301 *et seq.,* as well as other claims. Dr. William Cooper, MD, MBA seeks monetary and equitable relief.

For Defendants:

Plaintiff William Cooper, M.D. asserts claims of discrimination, retaliation, and hostile work environment in violation of USERRA against Defendants WellStar Health System, Inc. ("WellStar Health System"), WellStar Medical Group, LLC ("WellStar Medical Group"), Rob Schreiner, M.D., Candice Saunders, Carrie Plietz, John A. Brennan, M.D., Alan Muster, M.D., and Barry Mangel, M.D. (collectively "Defendants").

**(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

For Plaintiff:

This is an action to vindicate the rights of an American soldier, Dr. William Cooper, who serves as a Colonel in the United States Army Reserve. Our nation has a well-organized system of military officers and non-commission officers who provide services to the nation in support of its national interest during the time of war. Dr. Cooper serves his nation in this capacity. Dr. Cooper received an order in June of 2017 to provide medical services to our nation's soldiers engaged in battle in the Middle East. Consistent with his oath of office, Dr. Cooper deployed to serve the nation's interest. Unfortunately, unbeknownst to Dr. Cooper, while in service of his nation, his superiors at WellStar conspired to remove him from the position of Medical Director, Cardiac Surgery ("Medical Director") at WellStar Kennestone Hospital. In fact, while deployed on the field of battle in support of our nation's

military objectives, Dr. Cooper received an email from his superiors at WellStar demanding to know when he would return and questioning whether he would have to continue to deploy in the future. Similar messages were left for his office manager. Further, while Dr. Cooper was in pursuit of the nation's military interest, his superiors decided to discharge Dr. Cooper from the Medical Director position and replace him with an individual whom he supervised. Once Dr. Cooper returned from his military service, he was again subjected to inquiries from his superiors concerning his military duties and whether he would continue to be subject to deployment. Staff members also informed Dr. Cooper upon his return that WellStar had already announced that Dr. Cooper would no longer serve as its Medical Director. Once Dr. Cooper complained about WellStar's illegal acts, he was ostracized, effectively removed from his position, slandered, defamed, and ultimately terminated from the Medical Director position

For Defendants:

Defendants have not taken any action against Dr. Cooper in violation of USERRA. Before, during, and after his deployment Dr. Cooper was, and he remains today, a full-time team member and practicing cardiac surgeon of WellStar. He was never "terminated." Before his deployment, WellStar discussed with Dr. Cooper his supplemental roles and responsibilities, including potential Medical Director roles different from the ones he then held. After his return from deployment those

discussions continued, and WellStar offered Dr. Cooper two new Medical Director roles (Medical Director overseeing Cardiovascular Surgery for WellStar Health System CV Surgery and Medical Director of Lean Transformation). Dr. Cooper rejected both of these system-level Medical Director roles.

WellStar later cancelled Dr. Cooper's Medical Director Agreements more than six months after his return from deployment. WellStar's decision was made for legitimate non-discriminatory and non-retaliatory business reasons unrelated to his military deployment. Dr. Cooper is currently and remains a full-time employee and practicing cardiac surgeon at WellStar.

WellStar is consistently regarded as one of the country's top companies to work for, and it supports all its team members who bravely serve in the United States' Armed Forces. WellStar proudly employs veterans and members of the active and reserve United States' Armed Forces, and treats many more as patients at WellStar healthcare facilities.

Above and beyond its legal obligations, WellStar is committed to assisting its team members and their families during their active military leave. Under its military leave compensation policy, WellStar supplements team members' military income during their active military deployment. In fact, while Dr. Cooper was deployed and receiving his military pay, WellStar continued to compensate Dr. Cooper under this policy.

Defendants Rob Schreiner, M.D., Candice Saunders, Carrie Owen Plietz, John A. Brennan, M.D., Alan Muster, M.D., and Barry Mangel, M.D. are not proper parties to this action because they are not "employers" subject to liability under USERRA.

**(c)     The legal issues to be tried are as follows:**

<u>For Plaintiff</u>:

1. Whether Dr. Cooper's membership in or performance of uniformed service was a motivating factor behind adverse employment action by the Defendants.

2. Whether the Defendants took adverse employment action against Dr. Cooper because he engaged in protected activity under USERRA.

3. Whether the Defendants can meet their burden to establish legitimate, non-discriminatory reasons for their adverse employment action against Dr. Cooper.

4. Whether Defendants failed to reemploy Dr. Cooper in accordance with his seniority.

5. Whether Defendants subjected Dr. Cooper to a hostile work environment based on his uniformed service status

6. Whether Defendants otherwise violated statutory law.

7. Whether Dr. Cooper is entitled to monetary damages and other damages cognizable under the law, including costs, reasonable attorneys' fees, or punitive damages.

8. Whether Dr. Cooper is entitled to liquidated damages.

9. Whether Dr. Cooper is entitled to equitable relief to reinstate him to his position as Medical Director of Cardiovascular Surgery.

10. Whether Dr. Cooper is entitled to attorneys' fees.

<u>For Defendants</u>:

- Whether the individual Defendants, Rob Schreiner, M.D., Candice Saunders, Carrie Plietz, John A. Brennan, M.D., Alan Muster, M.D., and Barry Mangel, M.D. are "employers" subject to liability under the provisions of USERRA.

- Whether Plaintiff was denied a "benefit of employment" under USERAA.

- Whether Plaintiff can prove that his military service was a motivating factor in the decision to end Plaintiff's administrative position as the Medical Director of Cardiovascular Surgery at WellStar Kennestone Regional Medical Center.

- Even if Plaintiff can prove that his military service was a motivating factor in the decision to end Plaintiff's administrative position as the Medical Director of Cardiovascular Surgery at WellStar Kennestone Regional Medical

Center, which Defendants deny, whether the same decision would have been made for legitimate, non-discriminatory, and non-retaliatory reasons notwithstanding Plaintiff's military service.

- Whether Plaintiff can prove that he was subjected to an unlawful hostile work environment on the basis of his military service.

- Whether Defendants exercised reasonable care to prevent and correct promptly any unlawfully harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities or to avoid harm otherwise.

- Whether any alleged violation of USERRA was willful.

- If Plaintiff can establish liability under USERRA, the amount, if any, of damages, including lost wages and benefits to which Plaintiff is entitled.

- If Plaintiff can establish liability under USERRA, whether Plaintiff is entitled to liquidated damages.

- If Plaintiff can establish liability under USERRA, whether Plaintiff is entitled to equitable relief, and if so, what type of equitable relief.

- If Plaintiff can establish liability under USERRA, whether Plaintiff is entitled to attorneys' fees, expert witness fees, and other litigation expenses, and, if so, the amount of attorneys' fees and other costs Plaintiff is entitled to recover.

- Whether Plaintiff has mitigated his damages as required by law.

Defendants reserve the right to present additional legal issues to the Court for its consideration as this matter progresses.

    **(d)**     **The case listed below (include both style and action number) are:**

        **(1)**     **Pending Related Cases:**

    N/A

        **(2)**     **Previously Adjudicated Related Cases:**

    N/A

**2.**     **This case is complex because it possesses one (1) or more of the features listed below (please check):**

Not applicable.

```
_____(1)   Unusually large numbers of parties
_____(2)   Unusually large number of claims or defenses
_____(3)   Factual issues are exceptionally complex
_____(4)   Greater than normal volume of evidence
__X___(5)   Extended discovery period is needed
_____(6)   Problems locating or preserving evidence
_____(7)   Pending parallel investigations or action by government
_____(8)   Multiple use of experts
_____(9)   Need for discovery outside United States boundaries
_____(10)  Existence of highly technical issues and proof
```

**3.**     **Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

<u>Plaintiff</u>:

David W. Long-Daniels
GREENBERG TRAURIG, LLP
Terminus 200, Suite 2500

3333 Piedmont Road, N.E.
Atlanta, Georgia 30305
(678) 553-4744
long-danielsd@gtlaw.com

Defendants:

William B. Hill, Jr., Esq.
POLSINELLI PC
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
(404) 253-6000
wbhill@polsinelli.com

**4.     Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

____Yes     _X_ No

If "yes" please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action**

**(a)     The following persons are necessary parties who have not been joined:**

None.

**(b)     The following persons are improperly joined as parties:**

For Plaintiff:

The present parties to this action are properly joined.

For Defendants:

Defendants Rob Schreiner, M.D., Candice Saunders, Carrie Owen Plietz, John A. Brennan, M.D., Alan Muster, M.D. and Barry Mangel, M.D. are not proper parties to this action because they are not "employers" subject to liability under USERRA.

**(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

N/A

**(d) The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contention regarding misjoinder of parties or error in the statement of a party's name.**

**6. Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a) List separately any amendments to the pleadings which the parties anticipate will be necessary:**

For Plaintiff:

Plaintiff anticipates that it will be necessary to amend the complaint to add an additional Defendant(s) and additional causes of action based upon continuing retaliatory actions taken against Dr. Cooper following the filing of the initial complaint.

For Defendants:

None.

**(b)** Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These are restated below:

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

**(a)** *Motions to Compel:* before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

**(b)** *Summary Judgment Motions:* within thirty (30) days after close of discovery, unless other wise permitted by court order. Local Rule 56.1.

**(c)** *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

**(d)** *Motions Objecting to Expert Testimony*: *Daubert* motions with regard to expert testimony no later that the date the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures.**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.

**9. Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10. Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Discovery will be needed on Plaintiff's causes of action and as to all defenses asserted by Defendants.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties request that a six (6) month discovery track be assigned because the case involves numerous defendants and witnesses. The Parties reserve the right to request an extension of the discovery period should it become necessary.

**11. Discovery Limitations:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None at this time.

**(b) Is any party seeking discovery of electronically stored information?**

**<u>X </u> Yes            __ No**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limits, or key witnesses) as follows:**

The parties have consulted one another on this issue and anticipate reaching an agreement as to the scope of the production of electronically stored information.

**(2) The parties have discussed the format for the production of electronically stored information (e.g. Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties have consulted one another on this issue and, based on the manner in which the information is stored, will provide electronically stored information in a form that is agreeable to the parties and appropriate to ensure access and use. Plaintiff's counsel has agreed to provide defense counsel with a proposed ESI protocol. Counsel will negotiate regarding the sources, scope, and format of ESI to

facilitate discovery of ESI that is relevant to the claims and defenses in this case and proportional to the needs of the case.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference as permitted in Paragraph 9 above.**

**12. Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate the need for a joint protective order to govern the exchange and use of confidential information including protected health information ("PHI") produced in discovery in this action.

**13. Settlement Potential:**

**(a) Lead counsel for the parties certify by their signatures below that they conducted an in person Rule 26(f) conference that was held on <u>January 31, 2019</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiff: Lead counsel (signature):

<u>*/s/ David W. Long-Daniels*</u>
David W. Long-Daniels
GREENBERG TRAURIG, LLP
Terminus 200, Suite 2500
3333 Piedmont Road, N.E.
Atlanta, Georgia 30305
(678) 553-4744
long-danielsd@gtlaw.com

**For Defendants: Lead counsel (signature):**

**/s/*William B. Hill, Jr.***
William B. Hill, Jr., Esq.
POLSINELLI PC
1201 West Peachtree Street, Suite 1100
Atlanta, GA 30309
(404) 253-6000
wbhill@polsinelli.com

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(__X__)     A possibility of settlement before discovery;

(_____)     A possibility of settlement after discovery;

(_____)     A possibility of settlement, but a conference with the judge is needed;

(_____)     No possibility of settlement.

**(c)     Counsel (___X___) do or (_____) do not intend to hold additional settlement conferences among themselves prior to close of discovery. The proposed date of the next settlement conference is:**

Currently undetermined.

**(d)     The following specific problems have created a hindrance to settlement of this case.**

The parties disagree as to liability and damages.

**14.     Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this court. A complete Consent to Jurisdiction by a United States

Magistrate Judge form has been submitted to the clerk of the court this _____ day of _____, 20_____.

(b) The parties (__X__) do not consent to having this case tried before a magistrate judge of this court.

This 15th day of February 2019.

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| /s/ *David W. Long-Daniels* | s/ *William B. Hill, Jr.* |
| Ernest L. Greer | William B. Hill, Jr. |
| Georgia Bar No. 309180 | Georgia Bar No. 354725 |
| David W. Long-Daniels | wbhill@polsinelli.com |
| Georgia Bar No. 141916 | James J. Swartz, Jr. |
| Richard J. Valladares | Georgia Bar No. 694319 |
| Georgia Bar No. 611066 | jswartz@polsinelli.com |
| GREENBERG TRAURIG LLP | Stephanie D. Delatorre |
| Terminus 200 | Georgia Bar No. 970664 |
| 3333 Piedmont Road NE, Suite 2500 | sdelatorre@polsinelli.com |
| Atlanta, Georgia 30305 | POLSINELLI PC |
| Phone: (678) 553-2100 | 1201 West Peachtree Street, NW |
| Fax: (678) 553-2212 | Suite 1100 |
| greere@gtlaw.com | Atlanta, Georgia 30309 |
| long-danielsd@gtlaw.com | T: (404) 253-6000 |
| valladaresr@gtlaw.com | F: (404) 253-6060 |
| | |
| *Attorneys for Plaintiff Dr. Cooper* | *Attorneys for Defendants* |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM COOPER, MD, MBA, )<br>)<br>Plaintiff, )<br>)<br>) <br>v. )<br>)<br>WELLSTAR HEALTH SYSTEM, )<br>INC., WELLSTAR MEDICAL )<br>GROUP, LLC, ROB SCHREINER, )<br>MD, in his individual capacity, )<br>CANDICE SAUNDERS, in her )<br>individual capacity, CARRIE OWEN )<br>PLIETZ, in her individual capacity, )<br>JOHN A. BRENNAN, MD, in his )<br>individual capacity, ALAN MUSTER, )<br>MD, in his individual capacity, and )<br>BARRY MANGEL, MD, in his )<br>individual capacity, )<br>)<br>Defendants. | Civil File Action No.<br><br>**JURY TRIAL DEMANDED** |

## **SCHEDULING ORDER**

Upon review of the information contained in the Preliminary Report and Discovery Plan form completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

_____

_____

_____

      IT IS SO ORDERED, this _____ day of _____, 2019.

                                            _____
                                            THE HONORABLE ELEANOR L. ROSS
                                            UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WILLIAM COOPER, MD, MBA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLSTAR HEALTH SYSTEM, ) <br> INC., WELLSTAR MEDICAL ) <br> GROUP, LLC, ROB SCHREINER, ) <br> MD, in his individual capacity, ) <br> CANDICE SAUNDERS, in her ) <br> individual capacity, CARRIE OWEN ) <br> PLIETZ, in her individual capacity, ) <br> JOHN A. BRENNAN, MD, in his ) <br> individual capacity, ALAN MUSTER, ) <br> MD, in his individual capacity, and ) <br> BARRY MANGEL, MD, in his ) <br> individual capacity, ) <br> ) <br> Defendants. | Civil File Action No. <br><br> **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

This is to certify that I have filed a true and correct copy of the foregoing document via the Court's ECF system upon the following counsel of record:

William B. Hill, Jr., Esq.
James J. Swartz, Jr., Esq.
Stephanie D. Delatorre, Esq.
1201 West Peachtree Street NW, Suite 1100
Atlanta, GA 30309
wbhill@polsinelli.com
jswartz@polsinelli.com
sdelatorre@polsinelli.com

This 15th day of February 2019.

*/s/ David W. Long-Daniels*
Counsel for Plaintiff