## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIAM COOPER, MD, MBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil File Action No. |
| v. | ) | 1:18-cv-05357-ELR |
| | ) | |
| WELLSTAR HEALTH SYSTEM, | ) | **JURY TRIAL DEMANDED** |
| INC., WELLSTAR MEDICAL | ) | |
| GROUP, LLC, ROB SCHREINER, | ) | |
| MD, in his individual capacity, | ) | |
| CANDICE SAUNDERS, in her | ) | |
| individual capacity, CARRIE OWEN | ) | |
| PLIETZ, in her individual capacity, | ) | |
| JOHN A. BRENNAN, MD, in his | ) | |
| individual capacity, ALAN MUSTER, | ) | |
| MD, in his individual capacity, and | ) | |
| Barry Mangel, MD, in his individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | | |

## <u>AGREED PROTECTIVE ORDER</u>

The Parties to this Agreed Protective Order have consented to the terms of this Order; accordingly, it is ORDERED:

1. **Scope**. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively

"documents") shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party (including any third-party) that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) trade secrets, confidential commercially private, proprietary, sensitive business, and/or sensitive financial information; (c) research, technical, commercial or financial information; (d) medical information concerning any individual including protected health information within the meaning of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"); (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; (g) personnel or employment records including contracts related to roles, responsibilities, and/or employment; (h) non-public research, technical, manufacturing, commercial, financial, pricing, budgeting, trade and/or accounting information; (i) non-public information about past, present, or potential

2

customers, marketing studies, projections or manufacturing procedures; (j) self-critical analysis related to patient outcomes and/or information subject to peer review; (k) patient outcome data or reviews thereof; or (l) non-public information regarding equipment, processes, and/or intellectual property that the producing party is under an obligation to keep confidential based on a business relationship with a third-party. Any party also may designate certain documents that contain particularly sensitive business information (including any Confidential Information designated as "CONFIDENTIAL" in sections (a) through (l) of this paragraph) as "CONFIDENTIAL-ATTORNEYS' EYES ONLY." Such documents may be viewed only by counsel until the parties agree or the Court orders otherwise. Information or documents that are available to the public may not be designated as Confidential Information.

3. **Designation**.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the document and on all copies in a manner that will not interfere with the legibility of the document, except as otherwise provided herein. As used in this Order,

3

"copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain Confidential Information. The marking "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

Attorney work-product is not required to be marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable devices, computers, discs, networks or tapes) is

4

produced in such form, the producing party may designate such material as Confidential by cover letter referring generally to such matter and by affixing (where possible) a label on the media or its casing indicating such designation. Similarly, for documents such as Excel spreadsheets that contain Confidential material and that are produced as native files, such documents may be designated by having a slip sheet included in the electronic production reflecting their confidentiality designation.

In the event that the producing party elects to produce files and records for inspection, and the receiving party desires to inspect files, no marking need be made by the producing party in advance of the initial inspection. Thereafter, upon selection of specified documents for copying by the receiving party, the producing party shall mark the copies of those documents containing confidential matter with the appropriate confidentiality marking at the time the copies are produced to the receiving party.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

(c) It shall not be deemed a violation of this Order to have disclosed

5

information not designated Confidential Information that is subsequently so designated if disclosure was made prior to such designation. Any failure of the Parties to designate Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall not be deemed a waiver, in whole or in part, of any claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject that the Parties would otherwise be entitled to invoke against a person or entity who/which is not a Party.

(d) If non-parties produce documents or information in connection with this Lawsuit, such shall be treated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" pursuant to the terms of the Protective Order.

4. **Depositions**.

In the case of depositions (including exhibits) that contain Confidential Information, a designation shall be made by the counsel asserting that the testimony involves Confidential Information by that counsel making a statement to

that effect on the record during the course of the deposition or by written notice sent by said counsel to all Parties within 21 calendar days after receiving a copy of the transcript thereof. During the 21-day period following receipt of a deposition transcript, the entire transcript and all exhibits to it will be deemed "CONFIDENTIAL" if any portion of the transcript or its exhibits was designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY," either on the record at the deposition or by way of written notice within 21 calendar days after receiving a copy of the transcript. During the 21-day period following receipt of a deposition transcript, if a "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation has been made, either on the record at the deposition or by way of written notice as described above, the court reporter shall be directed to mark "Contains Confidential Information ATTORNEYS' EYES ONLY Where Specifically Designated Herein" on the cover page and attach any written designation to the transcript. Only the portions of the transcript specifically designated as "Confidential" or "Confidential ATTORNEYS' EYES ONLY" shall be deemed "Confidential Information" under this Order and designated with the appropriate label identified above.

7

5. **Protection of Confidential Material**.

(a) General Protections.  Confidential Information shall not be used or disclosed by the Parties, counsel for the Parties, or any other persons identified in subparagraphs (b) and (c) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b)  Limited Disclosures – "CONFIDENTIAL" Documents and Information. The Parties and counsel for the Parties shall not disclose or permit the disclosure nor allow the review of any Confidential Information marked as "CONFIDENTIAL" hereunder (and not including such Confidential Information marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" that is provided for in subparagraph (c) below) except as set forth in subparagraphs (1)-(11). Subject to these requirements, the following categories of persons may be allowed to review such Confidential Information:

(1) Counsel.  Counsel for the Parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual Parties and employees of a Party, including in-house legal staff, but only to the extent counsel determines in good faith that such individual Party's or Party

8

employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents

containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

(8) Anyone who is authorized hereunder to view Confidential Information is entitled to discuss and communicate about such Confidential Information with anyone else who is also authorized hereunder to view Confidential Information;

(9) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(10) Others by Consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(11) Mediators or Special Master.  Any mediator or special master selected with the consent of all parties or by the Court but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)     Limited Disclosures: "CONFIDENTIAL-ATTORNEYS' EYES ONLY" Documents and Information.   The parties and counsel for the parties shall not disclose or permit the disclosure nor allow the review of any Confidential Information marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs (1)-(5) below.  Subject to these requirements, the following categories of persons may be allowed to review Confidential Information marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY":

(1)     Counsel. Counsel of record for the Parties and employees of counsel who have responsibility for the action;

(2)     Consultants and Experts.  Experts, consultants, accountants, and other third parties expressly retained or employed by counsel of record to assist in the preparation of this proceeding, whether or not said third parties shall subsequently testify at the proceeding, provided that *before* such persons may be given any Confidential Information marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" each of the following must occur:  (i) the person must be given a copy of this Protective

11

Order; (ii) the person must sign an acknowledgment to be bound by this Protective Order as set forth in Attachment A; (iii) a copy of the signed acknowledgement must be given to the Party or Non-Party that produced the Confidential Information marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY"; (iv) the party that produced the Confidential Information marked as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" has five (5) business days, starting from the day after it receives a copy of the signed acknowledgement, to either provide written consent to the disclosure or file a motion with the Court objecting to the disclosure; and (v) if such a motion is filed, no disclosure may be made until the Court has ruled on the motion;

(3)   Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation);

(4)   The Court and its personnel; and

(5)   Authorized Viewers. Such other persons as the Party or Non-Party producing the Highly Confidential Information may agree

to, provided that the person is first given a copy of this Protective Order and that he/she first signs an acknowledgement to be bound by this Protective Order as set forth in Attachment A.

(d)     Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6. **Inadvertent Failure to Designate**. The inadvertent or unintentional disclosure of any Confidential Information marked as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the disclosing party shall not be construed to be a waiver, in whole or in part, of that party's claim of confidentiality, either as to the specific Confidential Information disclosed or as to any other related information. If a party produces multiple identical copies of a document (but with different Bates numbers) and one has not been designated as confidential, all identical copies shall be treated according to the most restrictive designation. Any Confidential documents or information inadvertently produced

13

and all copies and records thereof shall be treated as Confidential immediately upon written request of the disclosing party. The fact that information or documents is or is not designated as Confidential Information or that such material is disclosed in this litigation shall not be construed in any other context or proceeding before any court, agency or tribunal as a waiver or admission that such information is or is not confidential or proprietary.

7. **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with the applicable local rules regarding filing under seal.

8. **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9. **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" is

14

subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain why no change in designation is offered. The designating party must respond to the challenge within five (5) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10. **Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion or other procedure directed by the Court, such as an informal conference. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.   Should the Court need to review any Confidential Information designated as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" in connection with any applications to the Court for the Court's consideration, the parties shall separately submit any Confidential Information designated as "CONFIDENTIAL" or CONFIDENTIAL-ATTORNEYS' EYES ONLY" to the Court in accordance with Court procedures.

11. **Use of Confidential Documents or Information at a Hearing or Trial**.

Nothing in this Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, the relevant Local Rules, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry

of judgment and conclusion of any appeals taken therefrom.  Accordingly, subject to the Federal Rules of Evidence and any applicable Court orders in this action, materials protected by this Order may be offered in evidence at trial or at any court hearing in this action subject to such protective measures as may be provided by this Order or directed by the Court.  If this matter is tried before a jury, at a minimum, the Court will instruct the jury as to the protected and confidential nature of the information and order that the information not be disclosed by any person, except as provided in this Order.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or

all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden of proof for its designation and the expense of seeking protection in that court for the party's Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

13. **Obligations on Conclusion of Litigation.**

(a) Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) Obligations at Conclusion of Litigation.  Within ninety days

18

after dismissal or entry of final judgment not subject to further appeal, or as otherwise agreed by Counsel for the Parties, and upon a written request from the producing party, the receiving party shall make a good faith effort to promptly return all documents, in whatever form stored or reproduced, or other data designated as Confidential Information, other materials that contain or refer to Confidential Information, and all copies thereof, in the possession or under the control of any party or officer or employee thereof, counsel retained by such party, retained expert or other person described in paragraph 5 hereof, or, solely if elected in writing by the producing party, Counsel for the receiving party shall destroy such Confidential Information and certify that fact. However, subject to the terms of this Order, the Parties and their counsel may retain copies of court filings and other papers that contain or constitute such Confidential Information, including correspondence, deposition transcripts, trial exhibits, and attorney's work product. Any such briefs and other papers shall continue to be treated pursuant to this Order.

(c) An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information inconsistent with this Order.

19

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

14. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

15. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16. **Amendment**. This Order may be amended only by the written agreement of counsel for the Parties and approval of the Court or upon motion seeking relief from or modification of this Order from the Court. Nothing in this Order shall be construed to prevent a producing Party from seeking such further provisions regarding confidentiality as it deems appropriate, or to prevent any

Party from seeking relief from this Order.

17.    **Clawback**. Because the Parties to this case or third parties may be required to produce documents, answer interrogatories, and provide testimony and other information that may contain information covered by the attorney-client privilege or work-product doctrine, and in order to permit discovery to proceed without delay and avoid possible disputes regarding the privileged or protected nature of such information, and due to the large volume of electronic and hard copy data in the possession, custody, or control of the Parties and the numerous concerns regarding attorney-client privilege and work-product protection, the Court enters this "Clawback" provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against inadvertent disclosure of attorney-client privileged communications or work-product materials. The inadvertent disclosure or production of any information or document that is subject to attorney-client privilege or work-product protection will not be deemed to waive a Party's claim to privilege or protection, or estop that Party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. There shall be a presumption of inadvertence with respect to any information or

21

document that a Party designates as privileged or protected after disclosure. Any Party that receives information or any document that the receiving Party believes may be privileged or protected should promptly notify the producing Party in writing, and refrain from using or disclosing, in any way, such information or document until matters relating to the applicability of any privilege or protection are resolved. Upon receiving a request for the return of specific information or documents later designated as privileged or protected, or at the time the receiving Party becomes aware that it may have received privileged or protected information or documents—whichever is earlier—the receiving Party shall not, in any way, use or disclose such information or documents, regardless of whether the receiving Party agrees with the claim of privilege and/or work-product protection, until any dispute concerning the privilege or protection is resolved. If there is no such dispute, the receiving Party shall return the information or documents to the producing Party within five (5) business days. If there is a dispute over privilege or other protection, the producing Party shall have seven (7) business days after receiving written notice of the dispute from the receiving Party to file a motion with the Court to establish the applicability of any privilege or other protection. Disclosure of any information or document by the other Party prior to any later

22

designation of privilege or protection shall not be deemed a violation of the provisions of this Order.

18. **Miscellaneous**.

a. Producing Confidential Information pursuant to, or otherwise complying with, the terms of this Order shall not:

    i. operate as an admission by any party that any particular Confidential Information contains or reflects trade secrets or any other type of Confidential Information;

    ii. prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any Party that the terms and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Confidential Information;

    iii. prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order; or

    iv. prejudice in any way the rights of a Party to petition the Court for

a further protective order relating to any purportedly Confidential Information.

b.    Neither the act of production of Confidential Information by a Party nor the receipt of Confidential Information by a Party, shall be deemed to waive any testimonial or other privileges or protections that the Party producing such Confidential Information may otherwise have.

19. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

**SO ORDERED.**

Dated: April 25, 2019

_Eleanor L. Ross_
Judge Eleanor Ross

**Respectfully Submitted:**

**For Plaintiff:**
/s/ Joshua Y. Joel
David W. Long-Daniels
Georgia Bar No. 141916
Ernest L. Greer
Georgia Bar No. 309180
Richard J. Valladares

**For Defendants:**
_s/ William B. Hill, Jr._
William B. Hill, Jr., Esq.
Georgia Bar No. 354725
James J. Swartz, Jr., Esq.
Georgia Bar No. 694319
Stephanie D. Delatorre, Esq.
Georgia Bar No. 970664

Georgia Bar No. 611066
Joshua Y. Joel
Georgia Bar No. 230547
GREENBERG TRAURIG LLP
Terminus 200
3333 Piedmont Road NE, Suite 2500
Atlanta, Georgia 30305
Phone: (678) 553-2100
Fax: (678) 553-2212
greere@gtlaw.com
long-danielsd@gtlaw.com
valladaresr@gtlaw.com
joelj@gtlaw.com

*Attorneys for Plaintiff Dr. Cooper*

POLSINELLI PC
1201 West Peachtree Street, Suite 1100
Atlanta, GA 30309
Phone: (404) 253-6000
Fax: (404) 253-6060
wbhill@polsinelli.com
jswartz@polsinelli.com
sdelatorre@polsinelli.com

*Attorneys for Defendants*

ATTACHMENT A

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| WILLIAM COOPER, MD, MBA,     ) | |
| ) | |
|     Plaintiff,     ) | |
| ) | Civil File Action No. |
| v.      ) | 1:18-cv-05357-ELR |
| ) | |
| WELLSTAR HEALTH SYSTEM,   ) | **JURY TRIAL DEMANDED** |
| INC., WELLSTAR MEDICAL     ) | |
| GROUP, LLC, ROB SCHREINER,  ) | |
| MD, in his individual capacity,    ) | |
| CANDICE SAUNDERS, in her    ) | |
| individual capacity, CARRIE OWEN ) | |
| PLIETZ, in her individual capacity,  ) | |
| JOHN A. BRENNAN, MD, in his   ) | |
| individual capacity, ALAN      ) | |
| MUSTER, MD, in his individual    ) | |
| capacity, and Barry Mangel, MD, in ) | |
| his individual capacity,       ) | |
| ) | |
|     Defendants. | |

## ACKNOWLEDGMENT AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Georgia in matters relating to the Protective Order and understands that the terms of the Protective

Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature: _____